YEE & KAWASHIMA, LLLP

JARED N. KAWASHIMA        6289
CHRISTIN D. WEHRSIG       10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-4501
Facsimile:  (888) 524-0407
E-mail: jared@yklawhawaii.com
E-mail: christin@yklawhawaii.com

Attorney for Plaintiffs
HAWAII MASONS AND PLASTERERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MASONS' PENSION FUND; by its Trustees, Anacleto Alcantra, Carl Ito, Brian Viloria, Mits Kaneshige, Donald Pang, John Gervacio, Peter Iriarte, Nolan Moriwaki, Melvin Silva, Jr., John Vaielua; HAWAII MASONS' AND PLASTERERS' ANNUITY FUND, by its Trustees, Anacleto Alcantra, Carl Ito, Brian Viloria, Mits Kaneshige, Donald Pang, John Gervacio, Peter Iriarte, Nolan Moriwaki, Melvin Silva, Jr., John Vaielua; HAWAII MASONS VACATION AND HOLIDAY FUND, by its Trustees, Carl Ito, Glen Kaneshige, Darlean Kiyokane, Jeffrey Muller, David Brown, John Gervacio, Peter Iriarte, Nolan Moriwaki, Melvin Silva, Jr., John Vaielua;  HAWAII MASONS TRAINING FUND, by its Trustees, Jeffrey Muller, Carl Ito, | CIVIL NO. _____<br><br>COMPLAINT; SUMMONS<br><br><br><br><br><br><br><br><br><br><br><br>(Caption continued on next page) |

| | |
|---|---|
| Glen Kaneshige, Darlean Kiyokane, Francis Pascual, John Gervacio, Peter Iriarte, Nolan Moriwaki, Melvin Silva, Jr., John Vaielua; HAWAII MASONS HEALTH AND WELFARE FUND, by its Trustees, Herbert Inouye, Carl Ito, Darlean Kiyokane, Jeffrey Muller, Ryan Wada, John Gervacio, Peter Iriarte, Nolan Moriwaki, Melvin Silva, Jr., John Vaielua; INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTSMEN, LOCAL NO. 1 OF HAWAII, AFL-CIO; and OPERATIVE PLASTERERS & CEMENT MASONS INTERNATIONAL ASSOCIATION OF THE UNITED STATES AND CANADA, LOCAL NO. 630 OF HAWAII, AFL-CIO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| IGD HOSPITALITY, INC.; GREGORY RAMAEKERS, SR.; GREGORY RAMAEKERS, JR.; SANDRA DICKEY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. _____ | ) ) ) |

<u>COMPLAINT</u>

COME NOW Plaintiffs above named by and through their attorneys Yee & Kawashima, LLLP, and for Complaint against Defendants above named, allege and aver as follows:

1. Plaintiff TRUST FUNDS are the Trustees of the masons and plasterers trust funds, which include the Health and Welfare, Training, Annuity, Pension, and Vacation and Holiday Funds (hereinafter collectively referred to as "Trust Funds"). Plaintiffs are fiduciaries with respect to the Trust Funds within the meaning of section 3(21)(A) of Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A).

2. Specifically, the Pension and Annuity funds are pension plans as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare, Training, and Vacation & Holiday funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

3. The Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the

Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears.  Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).  Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a).  Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. At all times relevant herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

5. At all times relevant herein, Plaintiffs INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTSMEN, LOCAL NO. 1 OF HAWAII, AFL-CIO and OPERATIVE PLASTERERS & CEMENT MASONS INTERNATIONAL ASSOCIATION OF THE UNITED STATES AND CANADA, LOCAL NO. 630 OF HAWAII, AFL-CIO (collectively herein after

referred to as "Union") were, and now are, labor unions organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.

6. At all times relevant herein, Defendant IGD HOSPITALITY, INC. ("IGD HOSPITALITY") was a Florida corporation doing business in the State of Hawaii. At all material times IGD HOSPITALITY was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 142(3), and was engaged in an industry affecting commerce within the meaning of section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

7. At all times relevant herein, upon information and belief, GREGORY RAMAEKERS, SR., was a resident of the State of Florida.

8. At all times relevant herein, upon information and belief, GREGORY RAMAEKERS, JR., was a resident of the State of Florida.

9. At all times relevant herein, upon information and belief, SANDRA DICKEY, was a resident of the State of Florida.

10. Upon information and belief, at all times relevant herein GREGORY RAMAEKERS, SR., GREGORY RAMAEKERS, JR., and SANDRA DICKEY

(collectively herein referred to as "Individual Defendant") were members and officers of IGD HOSPITALITY.

11.     Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Funds except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendants and/or were in some manner presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Funds.  Trust Funds have made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendants but have been unable to do so to date.  Trust Funds have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

12. IGD HOSPITALITY agreed to abide by all terms and conditions of the "Master Agreement Covering the Ceramic Tile, Marble & Terrazzo Trades in the State of Hawaii" (the "Bargaining Agreement") and the Declaration of Trust Agreement for each respective Trust Fund.

13. Trust Funds are third party beneficiaries of the Bargaining Agreement.

COUNT I (IGD HOSPITALITY – Contributions and Damages)

14. IGD HOSPITALITY agreed to be bound by all the terms of the Bargaining Agreement and various trust agreements and is specifically required to do the following:

    (a) To submit for each month a report stating the names, social security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by IGD HOSPITALITY to Plaintiffs, or if no such persons are employed, to submit a report so stating;

    (b) To accompany the above reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

    (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of IGD HOSPITALITY's past reporting upon request made by Plaintiffs;

    (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of 10% of any and all contributions which are not received by Plaintiffs for a particular month prior to the 30th day of the succeeding month;

    (e) To pay any and all costs incurred by Plaintiffs in auditing IGD HOSPITALITY's payroll records should it be determined that IGD HOSPITALITY was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiffs;

    (f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require IGD HOSPITALITY to submit its payroll books and records for audit or to recover delinquent contributions.

  15. By agreeing to abide by such Bargaining Agreement, IGD HOSPITALITY promised to pay to the Trust Funds certain amounts for employee benefits, for work and labor performed by IGD HOSPITALITY covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Bargaining Agreement.

  16. By said Bargaining Agreement, IGD HOSPITALITY agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, IGD HOSPITALITY would pay to each trust fund liquidated damages in the amount of ten percent (10%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said Agreement, as amended, for each delinquency as and for liquidated damages and not as a penalty.

  17. IGD HOSPITALITY failed to submit reports for November 2015 and April 2016.

18. IGD HOSPITALITY failed to pay contributions for the month of October 2014.

19. IGD HOSPITALITY failed to pay liquidated damages for the periods including September and October 2014.

20. IGD HOSPITALITY's obligations to Trust Funds, pursuant to said Bargaining Agreement, to make contributions, are continuing obligations and IGD HOSPITALITY may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

21. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Funds as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

22. By said Bargaining Agreement, IGD HOSPITALITY further promised that if it became necessary for Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from IGD HOSPITALITY, IGD HOSPITALITY would pay all court and collection costs and reasonable attorney's fees.

23. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA") govern the enforcement of employer contributions to employee pension and welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

24. Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
> 　(A) the unpaid contributions,
> 　(B) interest on the unpaid contributions,
> 　(C) an amount equal to the greater of
>
> 　　(i)　interest on the unpaid contributions, or
>
> 　　(ii)　liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> 　(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

25. IGD HOSPITALITY'S failure to transmit payments for contributions and liquidated damages in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds in an amount to be proven at trial.

### COUNT II (Individual Defendant – Breach of Fiduciary Duty)

26. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

27. Individual Defendant should be held personally liable for any judgment entered in favor of Trust Funds and/or delinquent contributions and sums owed pursuant to the Bargaining Agreement and related trust fund document as it relates to IGD HOSPITALITY, due to breach of fiduciary duties as set forth in the various trust agreements and the Employee Retirement Security Act of 1974 ("ERISA").

28. Individual Defendant is a fiduciary under ERISA because s/he exercised authority or control respecting management or disposition of plan assets.

29. The trust fund contributions were and are plan assets at all relevant times as the payment of contributions due from IGD HOSPITALITY to the Trust

Funds accrued and was considered as being held in trust by IGD HOSPITALITY for the benefit of the Trust Funds to whom such contributions are due and payable. *See* 29 Code of Federal Regulations §2510.3-102.

30. ERISA required Individual Defendant, as fiduciary, to "discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries…for the exclusive purpose of…providing benefits to the participants and their beneficiaries…." 29 U.S.C. §1104(a)(1)(A)(I).

31. ERISA imposes personal liability upon Individual Defendant by providing that "any person who is a fiduciary…who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries shall be personally liable to make good to such plan any losses to the plan resulting from each such breach…." 29 U.S.C. §1109(a).

32. Individual Defendant breached his/her fiduciary duties by intentionally failing to report and/or pay the required contributions to Trust Funds and failing to discharge his duties as set forth by ERISA and 29 U.S.C. §1104(a).

33. Trust Funds have been damaged as a result of Individual Defendant's action in an amount to be proven at trial.

COUNT III (IGD HOSPITALITY and Individual Defendant –

Constructive Trust)

34. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

35. As a result of IGD HOSPITALITY's and/or Individual Defendant's breach of their fiduciary duties of care and loyalty to the participants and beneficiaries of Trust Funds as alleged herein, plan assets have been improperly diverted from Trust Funds to IGD HOSPITALITY and/or Individual Defendant.

36. A constructive trust should be imposed upon the assets of IGD HOSPITALITY and/or Individual Defendant to be held for the benefit of those participants employed by IGD HOSPITALITY and their beneficiaries under the Trust Funds.

## COUNT IV (IGD HOSPITALITY– UNION DUES)

37. Plaintiff Unions repeat, reallege and incorporate by reference each and every allegation set forth above.

38. Pursuant to the terms of the Bargaining Agreement, IGD HOSPITALITY was required to make 5% deductions from employee wages and pay such amounts to the Union on behalf of its employees who are covered by the Bargaining Agreement; said amounts are attributed to those employees' Union dues, initiation fees and other Union assessments which are due from the employee and are payable no later than the 15th day of the following month.

39. IGD HOSPITALITY failed to pay the 5% deductions from employee wages to the Union pursuant to the terms of the Bargaining Agreement.

40. IGD HOSPITALITY's obligations to the Union, pursuant to said Bargaining Agreements and trust agreements, to make said deductions and pay such amounts to the Union, are continuing obligations and IGD HOSPITALITY may accrue and owe additional amounts up to the time of trial or proof.

41. The Union has been damaged as a result of IGD HOSPITALITY's action in an amount to be proven at trial.

## COUNT V (Individual Defendant – Alter Ego)

42. Plaintiffs repeat, reallege and incorporate by reference each and every allegation set forth above. Upon information and belief, at all relevant times, Individual Defendant was in a position to exert influence over the financial and business affairs of IGD HOSPITALITY.

43. Upon information and belief, at all relevant times, IGD HOSPITALITY was the alter ego and/or the mere instrumentality of Individual Defendant based on all or some of the following relevant factors:

   a) Undercapitalization
   b) Failure to observe corporate formalities
   c) Absence of corporate records
   d) Insolvency of corporation at time of transaction
   e) Siphoning off of funds by the dominant shareholder(s)

    f) Shareholders guarantying corporate liabilities in their individual capacities

    g) Nonfunctioning officers or directors

    h) Lack of officers or directors

    i) Failure to issue stock

    j) Absence of consideration for stock

    k) Corporation is a facade of the operation of the dominant shareholder(s)

    l) Corporation's inability to meet payroll and other obligations

    m) Commingling of funds or assets

    n) Stripping the corporation of assets in anticipation of litigation

    o) Use of the corporate shell to advance purely personal ends

    p) Treatment of corporate assets as personal assets

    q) Cash advances to shareholders/officers/directors

    r) Advances to corporation by shareholders

    s) Undocumented loans

    t) Use of individual rather than corporate checks and

    u) Fraud and misrepresentation with respect to Trust Fund plan assets of which Individual Defendant was a fiduciary for the employees covered by the Bargaining Agreement and trust agreements.

44. Individual Defendant should be held liable for all the judgments entered in favor of Trust Funds and/or delinquent contributions and sums owed pursuant to the Bargaining Agreement and related trust fund documents as a matter of equity and fairness to Trust Funds based on all or some of the following relevant factors:

      a) Nonpayment of trust fund obligations by IGD HOSPITALITY;

      b) Violation of statute or public policy;

      c) Misrepresentations by IGD HOSPITALITY and/or members/officers/directors; and/or

      d) The acting principals of IGD HOSPITALITY, were responsible for and ratified administrative decisions exercised on behalf of IGD HOSPITALITY, were vested with the authority to exercise discretionary control over the management of the financial responsibilities and business affairs of IGD HOSPITALITY, and exercised discretionary control over the management of the financial responsibilities and business affairs of IGD HOSPITALITY including, but not limited to, authorizing and tendering the payment of contributions and withholdings due to the funds pursuant to the Bargaining Agreement and trust fund agreements; and/or

      e) The acting principals of IGD HOSPITALITY intentionally misrepresented to Trust Funds the amount of hours worked by its employees by failing to report and/or transmit contributions in a timely fashion to Trust Funds.

45.    Trust Funds are informed and believe and thereon alleges that as a result of the failure of Individual Defendant to operate IGD HOSPITALITY in the manner required by law, trust fund assets and employee's union dues have been improperly diverted from Plaintiffs to IGD HOSPITALITY and/or Individual Defendant.  To the extent it is determined that IGD HOSPITALITY is the alter ego of Individual Defendant, Individual Defendant should be held individually liable for any judgment entered against IGD HOSPITALITY.

      WHEREFORE, Trust Funds pray as follows:

(1) For judgment against IGD HOSPITALITY, GREGORY RAMAEKERS, SR., GREGORY RAMAEKERS, Jr., and SANDRA DICKEY for outstanding trust fund contributions, liquidated damages, and union dues in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs;

(2) For imposition of a constructive trust on the assets of IGD HOSPITALITY and/or GREGORY RAMAEKERS, SR., GREGORY RAMAEKERS, Jr., and SANDRA DICKEY;

(3) Such other relief as the Court deems just and equitable.

DATED: Honolulu, Hawaii, September 14, 2016.

/s/ Christin D. Wehrsig
JARED N. KAWASHIMA
CHRISTIN D. WEHRSIG
Attorneys for Plaintiffs